# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RONALD DUDLEY,                              :

    Petitioner,                              Case No. 3:11-cv-349

                                  :       District Judge Thomas M. Rose
vs.                                                   Magistrate Judge Michael J. Newman

WARDEN, Marion Correctional      :
Institution,

    Respondent.                              :

## REPORT AND RECOMMENDATION[1]

Pursuant to 28 U.S.C. § 2254, Petitioner Ronald Dudley ("Petitioner" or "Dudley"), proceeding *pro se*, brings this petition for a writ of *habeas corpus*. After filing his *habeas* petition, Petitioner moved to stay his federal *habeas* case during the pendency of his direct appeal in state court. *See* doc. 11. Respondent filed a memorandum in opposition to Petitioner's motion to stay, and also moved to dismiss Petitioner's *habeas* petition. Docs. 15, 16. Both motions have been fully briefed. *See* docs. 18, 19, 20.

## I. PROCEDURAL HISTORY

In August 2008, Petitioner was convicted by jury verdict of rape, kidnapping, two counts of attempted rape, and gross sexual imposition in the Montgomery County Court of Common Pleas. Doc. 19-22. He was sentenced to a total of twenty to fifty years imprisonment. Doc. 19-23.

---

[1]Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

With the assistance of counsel, Petitioner appealed his conviction to the Ohio Second District Court of Appeals, raising several assignments of error. Docs. 19-26, 19-28, 19-29. On July 9, 2010, the Ohio Court of Appeals sustained one of Petitioner's assignments of error -- his counsel was ineffective for not objecting to the trial court's imposition of separate sentences on (1) the rape and gross sexual imposition counts and (2) the rape and two attempted rape counts -- finding they were crimes of "allied offenses of similar import" under Ohio Rev. Code § 2941.25.  Doc. 19-30 at PageID 477-80.  Accordingly, the appellate court remanded the case to the trial court for a new sentencing hearing.  *Id.* at PageID 483.

The State of Ohio appealed and Petitioner cross-appealed to the Ohio Supreme Court.  Docs. 19-32, 19-34.  On October 27, 2010, the Ohio Supreme Court denied leave to appeal and cross-appeal on the grounds that the appeals did not involve any substantial constitutional questions.  *See* doc. 19-37.

In accordance with the Ohio Court of Appeals' decision, Petitioner was re-sentenced on December 21, 2010.  Doc. 19-60.  The trial court merged the attempted rape and gross sexual imposition counts with the rape count.  *Id.*  Petitioner was re-sentenced to a total of twenty to fifty years imprisonment.  *Id.*

Petitioner, represented by counsel, appealed his re-sentencing to the Ohio Second District Court of Appeals. Doc. 61. Petitioner's counsel filed an *Anders* brief, *see Anders v. California*, 386 U.S. 738 (1967), asserting that there were no issues meriting appellate review.  Doc. 19-62.  The Ohio Court of Appeals then allowed Petitioner to file a *pro se* brief, and Petitioner did so, raising five assignments of error.  Doc. 19-64.

Upon a review of Petitioner's *pro se* brief, the Court of Appeals determined that two assignments of error had arguable merit. *See* doc. 12-1. Accordingly, on December 5, 2011, the Court of Appeals ordered that new counsel be appointed to represent Petitioner on appeal. *See id.* This appeal is still pending in the Ohio Second District Court of Appeals as Case No. 24408. *See* docs. 11, 19.

While his direct appeal has been pending, Petitioner has filed numerous motions in the trial court. *See* docs. 19-38, 19-40, 19-55, 19-58. Petitioner has also filed a petition for post-conviction relief under Ohio Revised Code § 2953.21(A)(1) in the Montgomery County Common Pleas Court, doc. 19-42, and an application to re-open his appeal from the denial of his petition for post-conviction relief under Ohio App. R. 26(B) in the Ohio Second District Court of Appeals. Doc. 19-53. In its reply to the motion to dismiss, Respondent laid out the lengthy procedural history of Petitioner's criminal case, and attached all relevant documents from the state court proceedings. *See* doc. 19.

On October 6, 2011, Petitioner filed his petition for a writ of *habeas corpus* in this Court. Doc. 3. He then moved to stay this case on December 14, 2011. Doc. 11. In response, Respondent moved to dismiss the case without prejudice -- arguing there is no reason to stay the case when Petitioner's direct appeal is pending in the Ohio Court of Appeals, and the limitations period for his *habeas* petition has not even commenced.

## II. ANALYSIS

This Court should only use its authority to stay a *habeas* petition in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). Accordingly, Petitioner must show good cause for the Court to issue a stay. *Id.* at 277.

The Court finds there is no good cause to stay Petitioner's *habeas* petition given that the limitations period on his claims has not even commenced. 28 U.S.C. § 2244(d) provides a one-year limitations period for filing § 2254 *habeas* petitions, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). "Final judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (citation omitted). Accordingly, in this case, Petitioner's § 2244 "limitations period [does] not begin to run until both his conviction *and* sentence '[becomes] final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Id.* at 156-57 (brackets added). *Accord Foster v. Warden*, No. 1:11-cv-256, 2012 U.S. Dist. LEXIS 267, at *3-10 (S.D. Ohio Jan. 3, 2012); *Johnson v. Warden*, No. 1:09-cv-336, 2010 U.S. Dist. LEXIS 72968, at *13-20 (S.D. Ohio June 23, 2010). To be clear, the limitations period does not begin to run on any of Petitioner's *habeas* claims -- even those not concerning his re-sentencing -- until the conclusion of his direct appeal. *See Johnson*, 2010 U.S. Dist. LEXIS 72968, at *17-18.

Petitioner recognizes that some of his current *habeas* claims are similar to the issues pending in his direct appeal before the Ohio Second District Court of Appeals, which apparently is why he requested a stay of this case. *See* doc. 11. He seems to be concerned that the statute of limitations will expire -- barring him from seeking federal *habeas* relief -- if he waits until the conclusion of his direct appeal. *See id.* However, as explained above, such is not the case. Therefore, in order to preserve the finality of state court judgments, Petitioner's federal *habeas* petition should be dismissed without prejudice. *See Rhines*, 544 U.S. at 276-77.

The Court notes that such a dismissal does not bar Petitioner from later filing a *habeas* petition.  Once his direct appeal has concluded or the time for seeking such review has expired, Petitioner may file a *habeas* petition in this Court, raising the same grounds for relief as he has herein.

### III.  RECOMMENDATION

Based on the foregoing analysis, it is respectfully **RECOMMENDED** that:

1. Petitioner's motion to stay (doc. 11) be **DENIED**;

2. Respondent's motion to dismiss (doc. 16) be **GRANTED**;

3. Petitioner's § 2254 petition for a writ of *habeas corpus* be **DISMISSED WITHOUT PREJUDICE;** and

4. This case be **TERMINATED** on the Court's docket.

March 23, 2012                                                    s/ **Michael J. Newman**
                                                                         United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).